## MATTER OF SARKISSIAN

## In DEPORTATION Proceedings

### A-11069398

*Decided by Board September 27, 1962*

(1) Where respondent, a native and citizen of Syria, obtained, in an assumed name, a birth certificate with which he secured a passport from the Republic of Lebanon, a "no valid passport" charge under section 212(a)(26) of the Immigration and Nationality Act is sustained since said passport did not show his identity and correct nationality.

(2) Respondent's willful misrepresentation to be the individual named in the Lebanese passport he presented in procuring his nonimmigrant visa is material under section 212(a)(19), since he would have been excludable at time of entry had he disclosed his true name. cf. *Matter of Roa*, Int. Dec. No. 1247.

(3) In light of the contradiction inherent in counsel's request that respondent be permitted to complete his schooling after which the Government could "send him back at that time" and since respondent has presented no evidence, other than his own unconvincing testimony, to corroborate his claim, he has failed to establish that because of his Armenian origin and his religious beliefs he would be subject to physical persecution under section 243(h) if deported to Syria.

(4) Where, following hearing in November 1961 on respondent's section 243(h) application, there had been no decision by, nor even a recommendation to, the Regional Commissioner prior to the amendment of the regulations effective January 22, 1962 (Title 8, CFR, 26 F.R. 12110, Dec. 19, 1961), the reopening of the hearing after that date for determination of the application in accordance with the amended regulations was the proper procedure.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 1182(a)(19)—Visa procured by fraud or misrepresentation.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 1182(a)(26)—Nonimmigrant not in possession of valid passport.

This case is before us on appeal from a decision of a special inquiry officer granting voluntary departure and directing that the respondent be deported if he fails to depart voluntarily.

The respondent is a 28-year-old unmarried male, native and citizen of Syria, whose only entry into the United States occurred on Septem-

ber 25, 1957, at which time he was admitted temporarily as a nonimmigrant student under the assumed name of Jirair Parkev Ananian, having obtained a passport in that name from the Republic of Lebanon. The special inquiry officer found that the visa was obtained by fraud or misrepresentation and that the respondent did not have a valid passport, and he concluded that both charges were sustained.

In the notice of appeal, counsel stated that deportability was contested, and that the appeal was also based on denial of applications under sections 244(a) and 243(h) of the Immigration and Nationality Act [8 U.S.C. 1254(a) and 1253(h)]. No application was submitted under 8 U.S.C. 1254(a), and the respondent does not meet the requirements of that statutory provision. The issues to be determined are, therefore, whether deportability has been established and whether deportation should be withheld under 8 U.S.C. 1253(h).

Counsel did not file a brief, but we have carefully considered the statements in the notice of appeal. There is nothing to indicate in what respect counsel claims there was a failure to accord the respondent due process of law, and this contention is dismissed as being without merit.

Insofar as concerns the contention that the two charges are not sustained, the respondent admitted that he obtained a birth certificate in the name of Jirair Ananian; that he represented himself to be this individual in obtaining a passport from the Republic of Lebanon; and that he made a similar representation and claimed to be a Lebanese citizen when he procured his nonimmigrant visa (hearing of February 8, 1960, p. 9). 8 U.S.C. 1101(a)(30) provides: "The term 'passport' means any travel document issued by competent authority showing the bearer's origin, identity, and nationality if any, which is valid for the entry of the bearer into a foreign country." Since the Lebanese passport did not show the respondent's identity and correct nationality, it was not a *valid* passport, and we hold that he was excludable at the time of entry under 8 U.S.C. 1182(a)(26). Accordingly, the lodged charge is sustained.

With reference to the charge stated in the order to show cause, the respondent was excludable under 8 U.S.C. 1182(a)(19) if he procured his visa in either of two ways—(A) by fraud or (B) "by willfully misrepresenting a material fact". The special inquiry officer held (decision, p. 5) that the respondent was deportable because his visa had been secured by one method or the other. However, there was no particular discussion of whether he procured the visa by fraud. The respondent obtained a birth certificate and a Lebanese passport by fraud, and we are satisfied that fraud was necessarily inherent in the procurement of the visa.

110

In connection with the question of whether the respondent procured his visa by willfully misrepresenting a material fact, there were cited *Matter of S— and B—C—*, Int. Dec. 1168 (A.G., 1961), and *Matter of L—D—L—R—*, Int. Dec. 1207 (1962). The special inquiry officer held that the respondent had not borne the burden of establishing that the misrepresentations did not cut off a line of inquiry which might have resulted in the denial of the visa. Counsel contends that the respondent met this burden of proof.

In *Matter of S— and B—C—*, *supra*, the Attorney General stated (p. 7) that the application of the test of materiality would turn on the answers to three questions. The second question was whether the misrepresentation tended to shut off a line of inquiry which was relevant to the alien's eligibility, and it was stated that a misrepresentation as to identity would almost necessarily have shut off a relevant investigation. However, before reaching this second question, the first question stated by the Attorney General must be considered. This is whether the alien was excludable on the true facts. As we have concluded above, this respondent was excludable at the time of entry under 8 U.S.C. 1182(a)(26) because he did not have a valid passport. It was only the respondent's willful misrepresentation, identifying himself with the person named in the passport, that enabled him to procure the nonimmigrant visa, and it seems obvious that he would have been excluded under 8 U.S.C. 1182(a)(26) when he applied for admission to the United States if he had disclosed his true name. The Attorney General specifically stated that if the alien was excludable on the true facts, the misrepresentation was material. It is only where the alien is not excludable on the true facts that the second and third questions stated by the Attorney General are to be considered. Hence, although we do not approve all of the special inquiry officer's reasoning on this matter, we do concur in his conclusion that the respondent was excludable at the time of entry under 8 U.S.C. 1182(a)(19), and we conclude that he is deportable on the charge stated in the order to show cause.

The remaining issue relates to the respondent's application under 8 U.S.C. 1253(h). The hearing on this application was completed on November 15, 1961. The special inquiry officer stated (Tr. p. 14) that the officer who questioned the respondent concerning this application had not made his recommendation to the Regional Commissioner prior to the amendment of the regulations effective January 22, 1962 (26 F.R. 12110), and counsel contends that the procedure in the respondent's case was defective for that reason. Since there had been no decision by the Regional Commissioner nor even a recommendation to him, we believe the Service followed the proper procedure in reopening the hearing in order that the determination of this application

111

might be made in accordance with the regulations which had become effective in the meantime. The respondent has not shown that this resulted in any prejudice to his case. Accordingly, this contention is dismissed.

Under 8 CFR 242.17(c), the respondent has the burden of proving that he would be subject to physical persecution if deported to Syria. No evidence whatever was offered to support this application during the reopened hearing on May 16, 1962, and a statement by counsel (Tr. p. 10), requesting that the respondent be permitted to complete his schooling after which the Government could "send him back at that time", seems to contradict the respondent's claim that he fears he would be physically persecuted if deported to Syria. The only evidence in support of the application is Exhibit 3 which consists of the respondent's affidavit of August 22, 1961 and his testimony on September 12 and November 15, 1961.

We have carefully considered these statements of the respondent but we believe they fall far short of establishing that the respondent would be subject to physical persecution. In the affidavit of August 22, 1961, he stated that he is a Christian and an Armenian; that his father is an active member of the political party that is "strongly against the Communists"; that he received a letter from his brother stating that many Armenians belonging to this party had been tortured and thrown in jail; that he desired to obtain affidavits from experts and letters and statements from relatives in Syria to support his application; and that it would require until about September 15, 1961 to obtain this evidence. At the hearing on September 12, 1961, a continuance was granted at the request of the respondent and he was instructed to bring with him to the next hearing all of his witnesses and evidence. On November 15, 1961 he was questioned fully by the special inquiry officer. When he was asked why he believed he would be subject to physical persecution, he made a vague statement but finally said, "I can be tortured, I can be thrown in jail, anything" (Ex. 3, p. 17). He admitted that his family in Syria, who are also Christians, had not been persecuted. Apparently his only basis for assuming that some action may be taken against him is the fact that he had succeeded in coming to the United States by using a Lebanese passport. The respondent's testimony that he would be subject to physical persecution is unconvincing. At the conclusion of the hearing, he was asked whether he had any evidence or witnesses to present and answered in the negative. It is our conclusion that the respondent has not proved that he would be subject to physical persecution if deported to Syria. In view of the foregoing, the appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.