## MATTER OF MOY

### Application for Classification as Refugee

#### A-14805876

*Decided by Regional Commissioner February 2, 1967*

Applicant, a native of China, who, because of political beliefs, gave up his home in China and in December 1949 fled the mainland to Hong Kong, pausing there a short time before proceeding to the United States where he has been physically present since his admission as a nonimmigrant visitor in July 1950, has not effected a firm resettlement in any other country since leaving his homeland; therefore, he is eligible for refugee classification under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended.

ON BEHALF OF APPLICANT: John L. Murff, Esquire
680 Fifth Avenue
New York, New York 10019

This matter is before the Regional Commissioner on certification by the District Director at New York, New York who denied the application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended. It was found that the alien is ineligible for preference classification as a refugee under section 203(a)(7) of the Act, as amended, and that an immigrant visa is not immediately available to him under the nonpreference portion of the quota for China to which he is otherwise chargeable.

The applicant is a married citizen of China, born September 22, 1911 at Man Wah Lee, Toysan, Kwangtung, China. He has been in the United States since his admission at Anchorage, Alaska on July 26, 1950 as a nonimmigrant visitor to attend the Chicago World's Fair. On June 22, 1966, the alien filed an Application for Status as Permanent Resident and, in conjunction therewith, applied for a classification as a refugee under the proviso to section 203(a)(7) of the Act, as amended. The latter application reflects that he left China in late 1949 because of the Communists and is unwilling to return for the same reason. His request for refugee status was disapproved by the District Director whose decision of November 9, 1966 states, in part, as follows:

121

"In interviews before this Service July 8, 1966 and October 4, 1966 you have stated that you are a native and citizen of China born in Toysan, Kwontung, China on September 22, 1911 and that you are in possession of a valid passport issued by Republic of China. You last entered the U.S. at Anchorage, Alaska on July 26, 1950 when you were admitted to attend the Chicago World Fair until November 1, 1950, and you have remained in the U.S. since that entry.

"You further stated that you maintained a residence in Hong Kong from 1945 until 1950; that your wife, Dong Ying Fung, and children have resided in Hong Kong since May 1948; and that you were engaged in business in Hong Kong from 1945 until 1949. You have maintained that you travelled during the period from 1945–1949 on business between Hong Kong and Canton, China and that you considered your native village your home during that period.

You stated that your wife and two daughters are currently residing in Hong Kong; and your three sons are currently residing in Japan, England and Taiwan respectively.

You have not made any allegations that you were subjected to persecution based on your race, religion or political opinions during the period you were in Hong Kong, nor have you alleged fear of persecution should you return to reside in Hong Kong or in Taiwan, China, the country of your nationality.

In view of the above, your application for status as a refugee has been denied because you have not established that you would be subjected to persecution based on your race, religion or political opinion should you return to reside in Hong Kong or to Taiwan, China."

It has been asserted on appeal that the applicant has never resided in Taiwan; that during the period from 1945 to 1949, he spent as much time in connection with his tea business in Canton as in Hong Kong, where he only occupied "bed space"; that his native village was occupied by the Communists in October 1949; that he gave up his home and left China permanently when he fled to Hong Kong in December 1949; that he only paused in Hong Kong for a short time before proceeding to the United States in July 1950.

Section 203(a)(7) of the Immigration and Nationality Act, as amended, states in pertinent part as follows:

"Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion or political opinion they have fled (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; . . . Provided, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in

the United States for a period of at least two years prior to application for adjustment of status."

In the matter at hand, we find that the District Director has imposed a condition precedent to the grant of refugee classification which is neither provided for nor contemplated by the statute. In order to be eligible for the benefits of section 203(a)(7), the applicant must have fled from one of the aforementioned countries or areas because of persecution or fear of persecution on account of race, religion or political opinion. Additionally, he must establish that he is unable or unwilling to return to such country on account of race, religion or political opinion. The alien is not required to substantiate that he would in fact be subjected to persecution if he returned there. Further, the ability of the applicant to proceed to some other country is of no consequence, provided he has not firmly resettled in such country and, therefore, can no longer be regarded as a refugee.

The record in this case satisfactorily establishes that the applicant herein has fled from the Communist-dominated China mainland and is unwilling to return there because of his political beliefs. We further find that he has not effected a firm resettlement in any other country since leaving his homeland. He has been physically present in the United States since July 26, 1950 and satisfies the prerequisites for classification as a refugee under section 203(a)(7) of the Act. We further find that his eligibility for the benefits of section 245 has been established. Accordingly, the following order will be entered.

*It is ordered* that the applications for classification as a refugee under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, and for adjustment of status to permanent resident under section 245 of the Act be and the same are hereby granted.     .

321-654—69——10