MATTER OF CHAI

Application for Classification as Refugee

A–12141227

*Decided by Regional Commissioner February 9, 1967*

For the purposes of refugee classification under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, applicant, a native of China, who in 1955, when 15 years of age, because of political opinion fled the Chinese mainland to Hong Kong where he remained until 1960 when he entered the United States as a student, had not been firmly resettled in Hong Kong in the absence of evidence that he was accorded any rights or privileges in the Colony inconsistent with refugee status or that he otherwise reestablished himself there.

ON BEHALF OF APPLICANT: Charles Spar, Esquire
160 Broadway
New York, New York 10038

This matter is before the Regional Commissioner for review on certification of the District Director's decision denying the application for refugee classification under the proviso to section 203(a)(7) of the Immigration and Nationality Act as amended. The application is filed with the District Director pursuant to 8 CFR 245.4, in connection with an application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, in deportation proceedings before a special inquiry officer.

The applicant is a citizen of China, single, born in Kwang Si, China, on June 10, 1940. He fled from the Chinese mainland in 1955 because of his dislike of Communism and states he is unwilling or unable to return there because he is completely anti-Communist and will be persecuted if he does so. He was in Hong Kong from 1955 until he came to the United States on September 2, 1960. He was admitted to the United States on the latter date as a nonimmigrant student and has since remained.

Section 203(a)(7) of the Immigration and Nationality Act as amended provides, so far as pertinent here:

Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6

81

per centum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, . . . and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; . . . Provided, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status.

It has been held that an alien who fled from Communist China but thereafter became firmly resettled is, by virtue thereof, ineligible for classification under the proviso to section 203(a)(7).[1] The only issue presented here is whether such resettlement had been effected.

The applicant was issued a passport by the Ministry of Foreign Affairs of the Republic of China in Macao on July 13, 1960, the validity of which was extended to February 17, 1966. He was also issued a Hong Kong Certificate of Identity for return to Hong Kong. The travel document for return to Hong Kong is not conclusive evidence of resettlement in that area. All nonimmigrant aliens generally are required to present a valid travel document at the time of admission. Hong Kong is a British Crown Colony of which the applicant is not a national.

One of the major refugee programs which have been administered by this Service was that of Chinese refugees in Hong Kong who had fled from the mainland. On May 23, 1962, the President directed that steps be taken to parole into the United States several thousand Chinese from Hong Kong under section 212(d)(5) of the Immigration and Nationality Act to assist in alleviating conditions in that colony caused by the influx of persons fleeing from Chinese tyranny on the mainland of China. (Press conference of May 23, 1962, Published Papers of the President of the United States John F. Kennedy, 1962, p. 431.) Parole under the program was limited to the Chinese who are relatives of United States citizens and resident aliens, those with special skills urgently needed in the United States, and those who had applied for entry into the United States under prior refugee laws but who had not been accepted only because of numerical limitations. (Annual report of the Attorney General of the United States for fiscal year ending June 30, 1964, p. 412.) In discussing the use of parole authority, Representative Michael A. Feighan, Chairman of Subcommittee No. 1 of the House Judiciary Committee, observed "that the

---

[1] *Matter of Sun*, Int. Dec. No. 1685.

conditions of crisis and dire emergency were present when executive authority was exercised in the case of . . . Chinese refugees in Hong Kong." (Study of Population and Immigration Problems, Special Series No. 13, Subcommittee No. 1, House Judiciary Committee, 1964, page 92; Mr. Feighan's statements in announcing this report, Congressional Record of February 5, 1964, page 1877.)

Our applicant's stay in Hong Kong was between the ages of 15 and 20 years. He was still a student when he left Hong Kong. The evidence does not show he held any official position in the Colony, or that he was granted therein any rights or privileges inconsistent with refugee status or that he otherwise reestablished himself there. He may not therefore be regarded as firmly resettled in Hong Kong. We conclude he qualifies for the requested refugee classification.

*It is ordered* that the application for classification as a refugee under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, be and hereby is approved.

83