## MATTER OF GILIKEVORKIAN

### In Deportation Proceedings

#### A–19330757

*Decided by Board September 17, 1973*

An alien's entry into the United States as a nonimmigrant under a false identity did not constitute a material misrepresentation within the meaning of section 212(a)(19) of the Immigration and Nationality Act where he had adopted the false identity for a legitimate reason (to obtain employment) and had used it for a prolonged period of time prior to his entry into this country.

CHARGE:

Order: Act of 1952 — Section 241(a)(2) [8 U.S.C. 1251(a)(2)] — Nonimmigrant visitor for pleasure—remained longer than permitted.

ON BEHALF OF RESPONDENT:
Andrew W. Ansara, Rep.
Board of Higher Education
Div. of Immigration and
   Americanization
477 Essex Street
Lawrence, Massachusetts 01840

ON BEHALF OF SERVICE:
Ralph J. Smith
Trial Attorney

This case involves cross appeals. The immigration judge found the respondent deportable and entered an order of deportation, in which he denied the respondent's application for adjustment of status pursuant to section 245, and granted the respondent's application for voluntary departure. The respondent appeals from the denial of his application for adjustment of status. The Service appeals from the grant of voluntary departure. We shall sustain the respondent's appeal and grant the respondent adjustment of status. This decision by us moots the Service's appeal.

The record relates to a single male alien, 40 years of age, a native and citizen of Syria, who entered the United States as a nonimmigrant visitor for pleasure on October 24, 1970, authorized to remain until March 15, 1971. He has remained thereafter without authority. Deportability is conceded.

The respondent is the beneficiary of an approved visa petition

according him classification as the brother of a citizen of the United States, pursuant to section 203(a)(5) of the Immigration and Nationality Act. The immigration judge denied adjustment of status for the reason that the respondent entered the United States in the identity of another and therefore is excludable as an alien who entered by fraud or material misrepresentation, section 212(a)(19), relying on *Matter of Sarkissian*, 10 I. & N. Dec. 109 (BIA 1962). The immigration judge found the misrepresentation material because, if disclosed, it would have revealed the respondent's excludability as one not in possession of a valid passport and visa, pursuant to section 212(a)(26).

The cases have distinguished between a false identity used to facilitate entry into the United States and one used for other reasons. In *Matter of Sarkissian, supra,* on which the immigration judge relied, there was no indication that the alien used the false identity for any purpose other than to obtain a visa to enter the United States. Where a person uses a false identity long before, and for reasons unrelated to, obtaining admission to the United States, and over a long period of time, misrepresentation as to identity made when applying to enter the United States has been held not to be material, *U.S. ex rel. Leibowitz v. Schlotfeldt*, 94 F.2d 263 (C.A. 7, 1938). This respondent adopted the false identity so that he could obtain employment after he moved from Syria to Lebanon during 1959, for Syrians found it difficult to obtain employment in Lebanon. Evidence in the record shows that he was using the false identity in 1964; he testified that he used it since 1959. Thus he used it long before his entry into the United States.

The Attorney General has established the test that a misrepresentation is material if (1) the alien is excludable on the true facts, or (2) the misrepresentation tends to shut off a line of inquiry which might have resulted in a decision to exclude the alien, *Matter of S— and B—C—*, 9 I. & N. Dec. 436 (BIA 1961). Inasmuch as the respondent's use of the false identity was for a legitimate reason and was for a prolonged period prior to entry, a line of relevant inquiry was not cut off. Inquiry would have revealed no information damaging to the respondent so far as this record indicates. No ground of excludability would have been uncovered.

The immigration judge reasoned that the respondent was excludable on the true facts, pursuant to section 212(a)(26), because his visa and passport, being in false names, were invalid and that therefore the misrepresentation of his identity was material. The visa and passport were not necessarily invalid, *Matter of Box*, 10 I. & N. Dec. 87 (BIA 1962). They were issued to the respondent in a name which had become his by continued use. The applications for

455

a passport and visa in the false name were all part of his use of the assumed identity. If both the visa and passport had reflected the true facts, no ground for inadmissibility would have been revealed nor would inquiry on the basis of the true facts have resulted in a proper determination of excludability. If all aliens who misrepresent their identity in entry documents are deemed excludable on the gound of not possessing a valid passport or visa, all identity misrepresentation would have to be considered material. Such a conclusion would be contrary to the Attorney General's ruling that not all misrepresentations as to identity are material, *Matter of S— and B—C—*, supra. The decision of the Attorney General is controlling.

The respondent is not excludable pursuant to section 212(a)(19). His misrepresentation of his identity when he entered as a nonimmigrant visitor was not material. Had the true facts been known, no ground of excludability would have been revealed.

The respondent is eligible for adjustment of status pursuant to section 245 of the Act. We shall direct that his application for it be granted.

ORDER: The respondent's appeal is sustained; his application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, is hereby granted, and his status is adjusted to that of lawful permanent resident, pursuant to section 245 of the Immigration and Nationality Act.

*Further order*: The Service's appeal is dismissed.