Atanasio **ESPINOZA–ESPINOZA,**
**Petitioner,**

v.

**IMMIGRATION & NATURALIZATION
SERVICE, Respondent.**

No. 76–1378.

United States Court of Appeals,
Ninth Circuit.

May 18, 1977.

Leland G. Ripley, Evergreen Legal Services, Seattle, Wash., submitted briefs for petitioner.

Lawrence Walton Chamblee, Atty. Criminal Division, U. S. Dept. of Justice, Washington, D. C., Robert M. Taylor, U. S. Atty., Seattle, Wash., Richard L. Thornburgh, Asst. Atty. Gen., Crim. Div., U. S. Dept. of Justice, Washington, D. C., Brian H. Simpson, Immigration and Nat. Service, San Francisco, Cal., Bernard S. Karmiol, Regional Counsel, Immigration and Nat. Service, San Pedro, Cal., Joseph M. Swing, Dist. Director, Immigration and Nat. Service, Seattle, Wash., Philip Wilens, Acting Chief Govt. Reg. and Labor Crim. Div., U. S. Dept. of Justice, Washington, D. C., submitted briefs for respondent.

Before: CHOY and KENNEDY, Circuit Judges, and FERGUSON,* District Judge.

CHOY, Circuit Judge:

Atanasio Espinoza-Espinoza has petitioned this court for review of a final order of deportation. He challenges the order on two grounds: (1) He received insufficient notice of the facts on which his deportability was premised; and (2) the Immigration and Naturalization Service (the INS) did not prove an element of the charge, i. e., the willfulness of an admittedly material misrepresentation by petitioner on his visa application. We affirm.

*Background*

Petitioner, a native and citizen of Mexico, married Hermelinda Gutierrez Morfin in Mexico in 1957, and is the father of her six children. In 1968, petitioner and Hermelinda were separated, and petitioner entered the United States to seek employment. In late 1968 or early 1969, he claims, he received a letter from a friend stating that his wife was intending to obtain a divorce. Without ascertaining whether she had done so, in 1970 he married Mary K. Mincher, an American citizen, who petitioned the INS for an immigrant visa for him. In November 1971, petitioner was interviewed for a visa at the American Consulate in Tijuana, Mexico, and he signed a sworn declaration in which he stated: "Including my present marriage, I have been married one time." He also declared, in the same document, that he had no children under the age of 21. Both of these statements were false.

Petitioner lived with his American wife for about two years and then divorced her in Yakima, Washington. Subsequently, he petitioned for allowance of the immigration of Hermelinda and his six children, stating that he had married Hermelinda subsequently to his divorce from Mary Mincher. At the time of petitioner's deportability hearing, Hermelinda and the six children were in the United States illegally.

The INS filed an order to show cause against petitioner, charging that he was deportable under § 241(a)(1) of the Immigration and Naturalization Act (the I.N.A.) (8 U.S.C. § 1251(a)(1)), in that he was excludable at time of entry under § 212(a)(19) of the I.N.A. (8 U.S.C. § 1182(a)(19)) because he had procured a visa by fraud or willful misrepresentation of a material fact. A hearing was held before an immigration judge, and the INS introduced the visa application and an investigative report concerning petitioner. The only witness was petitioner, who testified that in 1971, when he applied for an immigrant visa, he thought that Hermelinda had divorced him; therefore, he stated on the visa application that he was presently married and had only been married once. With regard to his declaration that he had no children, petitioner testified that he thought that since Hermelinda had custody of them, he could deny that he had any. On appeal, petitioner admits that his statements were false and material.

The immigration judge found that petitioner clearly was not eligible for the visa which he obtained in 1971 since he could not be validly married to Mary Mincher at the same time as he was married to Hermelinda. The judge also found that petitioner had willfully lied to the consul about his marital and familial status, and that the charge in the order to show cause had been sustained by evidence which was clear, convincing, and unequivocal. Therefore, he ordered that petitioner be deported to Mexico. The Board of Immigration Appeals affirmed the immigration judge's decision without an opinion, and this appeal followed.

*Sufficiency of Notice of Charge*

■ Petitioner first argues that the immigration judge erred in denying his motion to make more definite and certain a factual allegation contained in the order to show cause. The INS based its charge on

---

* Honorable Warren J. Ferguson, United States District Judge for the District of Central California, sitting by designation.

seven factual allegations, which read as follows:

1. You are not a citizen or national of the United States.
2. You are a native of Mexico and a citizen of Mexico.
3. You entered the United States at San Ysidro, California on or about 11–4–71.
4. You are admitted to the United States as an immediate relative immigrant upon presentation of an immigrant visa issued to you on the basis of your relationship to a United States citizen.
5. In obtaining your immigrant visa you claimed to be a spouse of a citizen of the United States.
6. At that time you were not the spouse of a United States citizen.
7. You falsely claimed to be the spouse of a citizen of the United States and your visa was procurred [*sic*] by fraud or by wilfully misrepresenting a material fact.

The immigration judge felt that allegation No. 7 was "argumentative and a conclusion rather than a statement of fact" and, therefore, did not require petitioner to plead to it.

Petitioner suggests that allegation No. 7 failed to allege any facts, but instead simply stated a legal conclusion. The statement, according to petitioner, gave inadequate notice of the factual basis for the charge and therefore rendered the deportation order defective. He relies on § 242(b) of the I.N.A. (8 U.S.C. § 1252(b)), which requires that the alien must "be given notice, reasonable under all the circumstances, of the nature of the charge . . . ."

In response, the INS argues that petitioner demonstrated that he understood the nature of the charge, and that, even if allegation No. 7 is completely ignored, the other allegations gave adequate notice. We agree. The first six allegations clearly were sufficient to inform petitioner of the precise basis for the charge. Allegation No. 5 stated that petitioner had obtained his visa by claiming to be a spouse of an American citizen; No. 6 averred that, at the time of the visa application, he was not in fact married to an American citizen. An amended charge indicated that deportability would be based on fraud or willful misrepresentation in the procurement of the visa. Since the immigration judge did not require that petitioner plead to the seventh allegation contained in the order to show cause, it does not appear to us that the presence of the allegation prejudiced petitioner. Therefore, his first argument fails.

*Willful Misrepresentation*

Petitioner next contends that the INS failed to establish a *prima facie* case that he was excludable under 212(a)(19) of the I.N.A. (8 U.S.C. § 1182(a)(19)). This subsection mandates the exclusion of "[a]ny alien who seeks to procure, or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact." While admitting that the visa application contained misrepresentations of material facts, petitioner argues that the INS did not prove by "clear, convincing and unequivocal evidence," *Woodby v. United States*, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966), that he *willfully* made those misrepresentations. The INS argues in turn that the standard of appellate review in this type of case is whether the findings below are supported by substantial evidence. The INS further suggests that the record as a whole supports the finding of willfulness.

With regard to the standard of review on appeal, this court has held that the test is whether "the agency's order is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Trias-Hernandez v. INS*, 528 F.2d 366, 370 (9th Cir. 1975). *Woodby, supra*, simply sets out the standard to be followed at the trial level. Therefore, if the immigration judge's decision falls within the *Trias-Hernandez* test, we must affirm.

At the deportation hearing, petitioner stated that he thought that Hermelinda had

divorced him, based on a letter from a friend informing him of her intent to do so. However, as noted by the immigration judge, the misrepresentation on the visa application was not that petitioner was not divorced, but that he had never previously been married. Whether or not he was divorced was irrelevant to the question of how many times he had been married, and the fact remains that he did misrepresent the material fact that he had previously been married to someone other than Mary Mincher. The only question now is whether this misrepresentation was willful, as that term is used in § 212(a)(19) of the I.N.A.

Although the exact meaning of "willful" may vary with the context in which it is used in a particular statute, *Chow Bing Kew v. United States*, 248 F.2d 466, 469 (9th Cir.), *cert. denied*, 355 U.S. 889, 78 S.Ct. 259, 2 L.Ed.2d 188 (1957), as used in the statute presently under consideration, it connotes to us a voluntary and deliberate misstatement. Our research has disclosed no judicial adjudications of the meaning of "willfully" as used in this particular statute. However, in a recent decision, the Board of Immigration Appeals rejected the contention that an intent to deceive was necessary to satisfy the fraud and willful misrepresentation requirement of § 212(a)(19), concluding that knowledge of the falsity of a representation was sufficient. *Matter of Hui*, 15 I&N Dec. ——, —— (BIA 1975). Also, the State Department has interpreted the language of the statute to be satisfied by "an intentional and knowingly false misstatement, without regard to motivation."[1]

While not directly in point, the language used in a concurring opinion in *Bufalino v. INS*, 473 F.2d 728 (3d Cir.), *cert. denied*, 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973), is of help. In his concurrence, Judge Adams considered the meaning of "willful"

as used in § 241 of the I.N.A. (8 U.S.C. § 1251(a)(5)), which provides for deportability for failure to inform the INS of current address, unless such failure is "not willful." He stated that "administrative authorities have long interpreted 'willful' to mean 'intentional'" and rejected the contention that "willful" should require proof of an evil motive or bad purpose. 473 F.2d at 739 (Adams, J., concurring).

Similarly, this court has defined "willfully" as used in 18 U.S.C. § 911, which deals with a willfully false representation of citizenship, to require proof only that "the misrepresentation was voluntarily and deliberately made." *Chow Bing Kew v. United States*, 248 F.2d 466, 469 (9th Cir. 1957).

We, therefore, hold that the requirement in § 212(a)(19) of fraud or willful misrepresentation of a material fact is satisfied by a finding that the misrepresentation was deliberate and voluntary. Contrary to petitioner's contention, there is no requirement that an intent to deceive must be shown. The circumstances of this case justify the judge's finding that petitioner willfully misrepresented a material fact. Petitioner purportedly married an American citizen either knowing that he was still married to Hermelinda, or, at best, without determining whether she had divorced him. He then obtained a visa on the basis of a spurious marriage without disclosing the fact that he had previously been married. He also claimed on the visa application that he had no children, which is an additional factor shedding light on his *bona fides*.[2] After he divorced his American wife, he attempted to bring his Mexican family into the United States, falsely claiming to have married Hermelinda after his divorce from Mary Mincher.

Considering the record as a whole, we are not convinced that the immigration judge

---

1. Visa Off. Bull. No. 90, March 2, 1962, *as cited in* 1 Gordon & Rosenfield, *Immigration Law and Procedure*, § 4.7c, at 4–57 (1976).

2. The order to show cause does not mention petitioner's falsehood with respect to whether he had any children when he filed for his visa.

Therefore, that particular misrepresentation cannot be the basis for the finding of deportability. However, in order to determine whether the misrepresentation as to petitioner's marital status was willful, the lie about his children is relevant.

erred in concluding that petitioner deliberately and willfully lied on his visa application. While the evidence against petitioner is circumstantial rather than direct, it is still sufficiently "reasonable, substantial and probative" to satisfy the test of *Trias-Hernandez, supra.*

The decision of the immigration judge is AFFIRMED.