**Algernon E. W. SUITE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 78–2068.

United States Court of Appeals,
Third Circuit.

Submitted Feb. 15, 1979.

Decided March 15, 1979.

Austin J. McGreal, Philadelphia, Pa., for petitioner.

Philip Wilens, Chief, Government Regulations and Labor Section, Cr. Div., James P. Morris, Chester J. Halicki, Attys. Dept. of Justice, Washington, D. C., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before ALDISERT, ADAMS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Algernon Suite petitions for review of an order entered by the Board of Immigration Appeals that dismissed his appeal from a determination by an Immigration Judge that he be deported to Trinidad but granting him the right to depart voluntarily. Suite was charged with procuring a visa or other documentation by fraud or willful misrepresentation of a material fact, in contravention of 8 U.S.C. § 1182(a)(19), a violation which constitutes a ground for deportation under 8 U.S.C. § 1251(a)(1). Because we hold that knowledge of the charged falsity satisfies the fraud and willfulness requirements of § 1182(a)(19), we deny the petition for review.

Suite concedes that he submitted both a forged letter and a forged employment certification application to the consular office in Trinidad when he applied for his immigrant visa.[1] He argues, however, that his submission of the letter and application was not a "willful" misrepresentation, because he was confused about which documents should be presented and that this confusion was caused by officials of the Immigration and Naturalization Service. According to Suite's testimony at his deportation hearing, he had intended to submit a valid letter and employment offer from his employer at the time of the visa proceeding before the Trinidad consul, but was instructed by unnamed personnel in the Immigration and Naturalization Service to present documents from a different individual, who was listed as his employer on his labor certification document. Relying on that testimony,

1. The Immigration Judge found that: "He [Suite] does concede that he did lie to the consul and is aware of the fact that false pa-

pers had been presented to the consul in order to obtain a visa." App. 54a–55a.

Suite contends on appeal that he did not commit a willful misrepresentation, as that term is used in 8 U.S.C. § 1182(a)(19), because he had no intent to deceive.

Although the meaning of a term will vary with the context in which it is used in a particular statute, recent judicial and administrative decisions have interpreted "willful" for purposes of § 1182(a)(19) as entailing voluntary and deliberate activity, and have held that knowledge of the falsity of a representation is sufficient to satisfy the scienter element of that section. *See Espinoza-Espinoza v. Immigration & Naturalization Service*, 554 F.2d 921, 925 (9th Cir. 1977); *Matter of Hui*, 15 I. & N. Dec.— (BIA 1975); U.S. Department of State, Visa Off. Bull. No. 90, March 2, 1962, *cited in* 1 Gordon & Rosenfield, Immigration Law and Procedure, § 4.7c, at 4–57 (1976). *Cf. Bufalino v. Immigration & Naturalization Service*, 473 F.2d 728, 739 (3d Cir.), *cert. denied*, 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973) (Adams, J., concurring) ("willful," as used in 8 U.S.C. § 1251(a)(5), means "intentional" and does not require proof of an evil motive or bad purpose). Consequently, in light of Suite's testimony that he knew the documents were forged, his presentation of false papers to the consul was a willful misrepresentation in the visa proceedings.

Suite also argues that the forged documents were not necessary for the consul's issuance of the visa and that therefore the Board erred in determining that there was a misrepresentation of a material fact. We have considered this contention and find it to be without merit. Accordingly, the petition for review of the order of the Board of Immigration Appeals will be denied.