MATTER OF NG

In Exclusion Proceedings

A-21380232

*Decided by Board August 29, 1980*

(1) A misrepresentation of identity is not a misrepresentation of a material fact under section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19), unless it tends to shut off a line of inquiry which is relevant to an alien's eligibility for status or might have resulted in a proper determination he was excludable.

(2) Whether alien who fled from the People's Republic of China to Macao where he remained for 4 years and then entered Hong Kong by assuming his brother's name and identity, made a material misrepresentation when he entered the United States as a refugee in the name of his brother, depends on whether the misrepresentation of identity concealed firm resettlement in Macao or other ineligibility for refugee status such as participation in proscribed persecution. (*See* Section 203(h)(2)(a) of the Refugee Act of 1980, Pub. L. 96-212, 94 Stat. 102, section 243(h)(2) of the Immigration and Nationality Act as amended, 8 U.S.C. 1253(h)(2)).

EXCLUDABLE:
Order:   Act of 1952—Sec. 212(a)(19) [8 U.S.C. 1182(a)(19)]—Procured documentation through fraud or willful misrepresentation of material fact
Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant without a valid visa

ON BEHALF OF APPLICANT:   Richard P. Maracina, Esquire
30 Vesey Street
New York, New York 10013

BY:   Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

The applicant appeals from the June 19, 1980, decision of an immigration judge finding him excludable under both section 212(a)(19) and section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19) and 1182(a)(20), respectively. The appeal will be sustained and the record remanded for further proceedings.

The facts of this case are not in question. Only their legal consequence is at issue. The applicant is a native and citizen of the People's Republic of China, born in Kwantung on January 5, 1947. In 1965, he fled to Macao where he was briefly detained but later released and issued a Macao Identification Card bearing his true name (Ex. 5). In

1969, he left Macao for Hong Kong. He was smuggled into Hong Kong and presented himself to the authorities there assuming his brother's name. The brother had never left mainland China. According to the applicant he assumed his brother's name in order to conceal his Macao sojourn from the Hong Kong authorities because he feared being returned to the People's Republic of China and dreaded returning to Macao. His ruse was successful and he obtained a Hong Kong identity card under the name Kam Hung Ng, his younger brother's name (Tr. p. 21) (Ex. 4).

In 1976 in Hong Kong, he applied for registration as a refugee under section 203(a)(7) of the Act, 8 U.S.C. 1153(a)(7) under his assumed name (Ex. 3). He had been residing and working in Hong Kong under that assumed name. His application was granted on November 16, 1977, and he was paroled into the United States as a refugee in San Francisco on December 4, 1977. On December 11, 1979, his parole was revoked when the deception was discovered and the present exclusion proceedings were initiated (Ex. 1).

The immigration judge ruled that the applicant was excludable under section 212(a)(19) of the Act and therefore, his entry document was invalid, rendering him excludable under section 212(a)(20) also. Consequently, his excludability under section 212(a)(20) was deemed entirely dependent upon the 212(a)(19) charge. The immigration judge stated in a conclusory fashion "his misrepresentation of identity to the Service, in Hong Kong, was a willful misrepresentation of material fact . . . within the purview of section 212(a)(19) of the Act . . . and he was not entitled, upon his application, to parole into the United States on conditional entry as a refugee." We disagree with the immigration judge's apparent conclusion that misrepresentation of identity is a misrepresentation of a material fact *per se.*

Section 212(a)(19) of the Act bars from entry into the United States "any alien who seeks to procure a visa or other documentation . . . by fraud, or by wilfully misrepresenting a material fact." A misrepresentation is material under section 212(a)(19) of the Act if it tends to shut off a line of inquiry which is relevant to the alien's eligibility, and which might well have resulted in a proper determination that he be excluded. *Matter of S— and B—, C—,* 9 I&N Dec. 436 (BIA 1960; A.G. 1961); *cf. Suite v. INS,* 594 F.2d 972 (3 Cir. 1979).

In *Matter of Gilikevorkian,* 14 I&N Dec. 454 (BIA 1973) we ruled that an alien's entry as a nonimmigrant under a false identity did not constitute a material misrepresentation within the meaning of section 212(a)(19) where the false identity was adopted for reasons unrelated to obtaining admission into the United States and the name had been used for a prolonged time prior to entering this country. That case differs from the present case in that the applicant seeks admission as

an immigrant refugee under section 203(a)(7) of the Act which was recently modified by the Refugee Act of 1980, Pub. L. 96-212, 94 Stat. 102. The Refugee Act precludes the admission into this country under refugee status of aliens who participated in racial, nationality, religious, or political persecution. *See* section 243(h)(2), 8 U.S.C. 1253(h)(2). Thus, concealment of true identity can be material in the cases of aliens who have engaged in persecution.

Another instance of materiality takes place where the identity misrepresentation would conceal the fact that an alien has been firmly resettled in a third country where he is not subject to persecution and thus, no longer meets the definition of refugee. See*Rosenberg* v. *Woo*, 402 U.S. 49 (1971); *Matter of Chai*, 12 I&N Dec. 81 (BIA 1967); *Matter of Moy*, 12 I&N Dec. 121 (BIA 1967); *Matter of Hung*, 12 I&N Dec. 178 (BIA 1967). The applicant by misrepresenting his identity concealed the fact that he had resided in Macao for four years. If he had firmly resettled in Macao, his failure to disclose his true identity would constitute a material misrepresentation since it would have concealed his ineligibility for refugee status.[1]

Consequently, we will remand the record to the immigration judge for further proceedings in order to assess the materiality of the applicant's identity misrepresentation including consideration of participation in proscribed persecution, and the possibility that he was firmly resettled in Macao. Further evidence may be addressed as appropriate.

The applicant retains the burden of establishing admissibility since he has never obtained lawful permanent resident status. *Matter of Moore*, 12 I&N Dec. 711 (BIA 1971); *cf. Kwong Hai Chew* v. *Rogers*, 257 F.2d 606 (D.C. Cir. 1958); *Matter of Kane*, 15 I&N Dec. 258 (BIA 1975); *Matter of Becerra-Miranda*, 12 I&N Dec. 358 (BIA 1967). Thus, a further hearing on remand is also required on the applicant's eligibility for section 203(a)(7) refugee status even if the misrepresentation is determined to be immaterial. The appeal will be sustained and the record remanded for further proceedings in accordance with this opinion.

ORDER: The appeal is sustained and the record remanded for further proceedings in accordance with this opinion.

FURTHER ORDER: If the decision on remand is adverse to the applicant, the record shall be certified for our review.

---

[1] *See* appendix to Immigration and Naturalization Service Operations Instruction 235.12.