Michael **DAISODOV** & Yafa Panker, a/k/a Yafa Daisodov, Petitioners,

v.

Alberto **GONZALES**, Attorney General, Respondent.

Nos. 03–4733–ag (L), 03–4734–ag (CON), 03–41186–ag (CON).

United States Court of Appeals, Second Circuit.

May 29, 2007.

Michael P. DiRaimondo (Marialaina L. Masi, Mary Elizabeth Delli-Pizzi, and Stacy A. Huber, on the brief), DiRaimondo & Masi LLP, Melville, NY, for Petitioners.

Sandra S. Glover, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, and Douglas P. Morabito, Assistant United States Attorney, on the brief), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges, RICHARD W. GOLDBERG *, Judge.

### SUMMARY ORDER

Petitioners seek review of BIA orders summarily affirming an order by Immigration Judge ("IJ") Margaret McManus that (1) found petitioners deportable for procuring or seeking to procure a visa, other documentation, or entry into the United States by fraud or by willfully misrepresenting a material fact; (2) denied petitioners' requests for discretionary waivers of deportation for fraud or misrepresentation; and (3) granted petitioners voluntary departure in lieu of deportation. *In re Daisodov,* No. A 43 535 721 (B.I.A. Mar. 19, 2003), *aff'g* No. A 43 535 721 (Immig. Ct. N.Y. City Nov. 5, 1999); *In re Panker,* No. A 41 755 934 (B.I.A. Mar. 19, 2003), *aff'g* No. A 41 755 934 (Immig. Ct. N.Y. City Nov. 5, 1999). Petitioners also seek review of a BIA order denying their motions to reopen their deportation proceedings. *In re Panker & Daisodov,* Nos. A 43 535 721, A 41 755 934 (B.I.A. Dec. 3, 2003). We assume the parties' familiarity with the facts and procedural history of the case.

We have carefully considered all of petitioners' arguments and find them without merit. First, for the reasons stated by the IJ in her November 5, 1999 order and elaborated upon by the BIA in its December 3, 2003 order, petitioners were clearly deportable and petitioners' misrepresentations were material in that they "tend[ed] to shut off a line of inquiry which is relevant to the alien's eligibility, and which might have resulted in a proper determination that he be excluded." *In re Ng,* 17 I. & N. Dec. 536, 537 (BIA 1980). Second, assuming we have jurisdiction to review the IJ's denial of petitioners' requests for discretionary waivers of deportation, we discern no abuse of discretion in the IJ's careful consideration of the equities for and against this relief. Third, this Court has previously rejected petitioners' argument that the BIA's summary affirmance of the IJ's order was a violation of due process. *See Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 157 (2d Cir.2004). Finally, we think the BIA acted well within in its discretion in denying petitioners' motions to reopen and we see no basis for concluding that the BIA failed to properly consider petitioners' new evidence, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006) (noting that an IJ is presumed to have considered all of the evidence before her unless the record compels otherwise); nor do we find any error in the BIA's treatment of Yafa Panker's adjustment of status application. The petition for review is **DENIED.**

---

\* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.