**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SHERNY ANGELICA SAROHA, | No. 11-73944 |
| Petitioner, | Agency No. A077 853 164 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2015
San Francisco, California

Before:    THOMAS, Chief Judge, and TASHIMA and McKEOWN, Circuit
Judges.

Sherny Saroha ("Saroha") petitions for review of the order of the Board of

Immigration Appeals ("BIA") upholding and adopting an immigration judge's

("IJ's") determination that she is removable under 8 U.S.C. § 1227(a)(1)(A) for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

having made willful misrepresentations of material facts under 8 U.S.C. § 1182(a)(6)(C)(i). We deny the petition for review.

1. Saroha contends that the IJ applied an improper objective-person standard under § 1182(a)(6)(C)(i) in assessing whether her misrepresentations were "willful." We review de novo the BIA's determinations of purely legal questions. *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000). A willful misrepresentation under § 1182(a)(6)(C)(i) is "a voluntary and deliberate misstatement." *Espinoza-Espinoza v. INS*, 554 F.2d 921, 925 (9th Cir. 1977). For a misrepresentation to be willful, the party must have "knowledge of [its] falsity." *Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995).

Saroha contends that the IJ committed legal error by employing an objective test for willfulness, rather than the subjective standard mandated by § 1182(a)(6)(C)(i) and *Forbes*. The IJ was incorrect to state that the test for determining whether a misrepresentation was willful "should be whether a reasonable person in respondent's position should have disclosed what happened." However, the IJ discussed at length Saroha's assertion that she did not know the contents of her application, but found that Saroha did have such knowledge. The IJ concluded that Saroha had made statements that were "deliberate, fraudulent,

2

and a misrepresentation of the facts." In so doing, the IJ assessed whether Saroha's misrepresentation was "voluntary and deliberate."[1]

**2.** Saroha also disputes the factual finding that she made willful misrepresentations on her asylum application. We review factual findings of the IJ and BIA for substantial evidence. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). Saroha undisputedly failed to disclose her interrogation at the hands of Indonesian police and her employment at Bank Harpan Sentosa. Saroha filled out the application with the assistance of counsel, and has indicated she did not disclose the interrogation to her attorney because she was afraid it would affect her asylum prospects. Given these facts, we conclude that substantial evidence supports the IJ's determination that Saroha willfully misrepresented material facts. *See* 8 C.F.R. § 208.3(c)(2) ("The applicant's signature establishes a presumption that the applicant is aware of the contents of the application.").[2]

The petition for review is **DENIED.**

---

[1] Saroha additionally argues that the IJ and BIA held the government to an improperly low burden of proof. This argument lacks merit. The IJ applied the proper "clear and convincing evidence" standard. *See* 8 U.S.C. § 1229a(c)(3)(A).

[2] Because we conclude Saroha willfully misrepresented material facts on her asylum application, rendering her removable, we do not address whether the IJ and BIA erred in concluding that she made willful misrepresentations on her adjustment of status application.

3