**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEREZA ABRAHAMYAN, | No. 22-854 |
| Petitioner, | Agency No. A075-743-620 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2023
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and KENNELLY, District
Judge.**

Tereza Abrahamyan, a citizen and native of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Immigration Judge's ("IJ") decision terminating her asylee status and denying her application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252[1] and deny her petition.

1. Substantial evidence supported the agency's termination of Abrahamyan's asylee status due to her fraud. Asylum status may be terminated if DHS establishes by a preponderance of the evidence that there is "a showing of fraud in the alien's application such that he or she was not eligible for asylum at the time it was granted." 8 C.F.R. §§ 1208.24(a)(1), (f); *see Nijjar v. Holder*, 689 F.3d 1077, 1085 (9th Cir. 2012).

Before the IJ, Abrahamyan, through counsel, expressly and repeatedly conceded that she obtained her asylum status through fraud. In her testimony, Abrahamyan acknowledged that her asylum application contained a false name, date of birth, nationality, place and manner of entry, and story of persecution in Georgia. Abrahamyan explained that the firm she employed to obtain asylum provided her with the false story of persecution in Georgia. Abrahamyan understood that she needed to tell this false story; "[o]therwise," she acknowledged that she would "not

---

[1] The Government contends Abrahamyan failed to exhaust her arguments regarding fraud and whether she "continues to be refugee" before the BIA and thus they are not properly before this court. But "[i]t is well-established that we may review any issue addressed on the merits by the [BIA], regardless of whether the petitioner raised it before the agency." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). Here, the BIA addressed the two arguments on their merits and so we may properly review them on appeal.

be able to get this—win this case." The record shows that she knowingly made misrepresentations to obtain asylum.

Abrahamyan challenges the BIA's view that "there is no requirement that DHS must prove that the respondent had knowledge of the fraud." *See Matter of P-S-H*, 26 I&N Dec. 329, 329 (BIA 2014) ("DHS is not required to establish that an alien knew of the fraud in his or her asylum application."). *But see Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995) (holding that the requirement of fraud "is satisfied by a finding that the misrepresentation was deliberate and voluntary") (citing *Espinoza-Espinoza v. INS*, 554 F.2d 921, 925 (9th Cir. 1977)); *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004) (recognizing that fraud in an asylum application is not automatically fatal to the application, especially without a finding that the applicant knew of the fraud). We need not resolve whether fraud requires knowledge in this case because substantial evidence supports the IJ's determination that Abrahamyan knew the statements in her application were fraudulent.[2]

2. Abrahamyan also challenges the denial of her application for adjustment of status. Under 8 U.S.C. § 1159(b)(3), the agency may adjust the status of alien granted asylum who "continues to be a refugee within the meaning of [8 U.S.C.

---

[2] Abrahamyan also appeals the BIA's failure to address her challenge to the IJ's finding that she knowingly filed a frivolous asylum application. *See* 8 U.S.C. § 1158(d)(6). But because the BIA's determination that she committed fraud in her asylum claim is dispositive, we need not address this claim.

§ 1101(a)(42)(A)]." But Abrahamyan never claimed that she met the definition of "refugee" on her own merits.[3] Indeed, Abrahamyan conceded at oral argument that she does not now and has not ever had a genuine claim to refugee status. And because the BIA decided this issue on § 1159(b)(3) grounds, we need not weigh in on the conflict between the Fourth and Fifth Circuits about the meaning of "the status of any alien granted asylum" under § 1159(b). *Compare Cela v. Garland*, 75 F.4th 355, 365 (4th Cir. 2023) with *Siwe v. Holder*, 742 F.3d 603, 608–09 (5th Cir. 2014). Nor do we need to address Abrahamyan's contention that the IJ should have adjudicated her application for adjustment of status before considering termination of her asylee status. Because Abrahamyan does not "continue to be a refugee," as required for adjustment of status, the BIA correctly concluded that the order of the IJ's analysis did not affect the outcome.

**DENIED**.

---

[3] *See* 8 U.S.C. § 1101(a) ("The term 'refugee' means . . . any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . .").