## MATTER OF TONG

## In Deportation Proceedings

### A–20938473

*Decided by Board August 15, 1978*

(1) The word "employment" is a common one, generally used with relation to the most common pursuits, and therefore ought to be received as understood in common parlance and includes the act of being employed for one's self.

(2) Unauthorized self-employment as a used car dealer is "unauthorized employment" within the purview of section 245(c) of the Immigration and Nationality Act (8 U.S.C. 1255(c)) and precluded adjustment of status.

(3) 8 C.F.R. 214.2(f)(6) provides that a nonimmigrant student is in violation of his status whether he engaged in off-campus employment in the United States for an employer or independently, unless his application to do so has first been approved by the Service.

CHARGE:

Order: Act of 1952—Section 241(a)(9) (8 U.S.C. 1251(a)(9))—Nonimmigrant—Failed to comply with conditions of status (Order to Show Cause-charge withdrawn)

Lodged: Act of 1952—Section 241(a)(2) (8 U.S.C. 1251(a)(2))—Nonimmigrant student—remained longer than permitted

ON BEHALF OF RESPONDENT:
Mary L. Sfasciotti, Esquire
Sfasciotti, Stern & Sfasciotti
5825 Sixth Avenue
Kenosha, Wisconsin 53140

ON BEHALF OF SERVICE:
Oliver H. Claypool, Jr.
Trial Attorney

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

This case presents an appeal from a decision of the immigration judge on August 8, 1977, finding the respondent deportable on the lodged charge and granting him the privilege of voluntary departure, with an alternate order of deportation to Hong Kong. The immigration judge denied the respondent's application for adjustment of status, pursuant to the provisions of section 245 of the Immigration and Nationality Act, as amended. The appeal will be dismissed.

The respondent is an unmarried native and citizen of Hong Kong who has resided in the United States since August 1971. He is the beneficiary of a visa petition filed by his lawful permanent resident mother

and approved by the District Director in April 1975. The respondent was initially authorized to remain here as a student until June 15, 1976. He was granted the privilege of departing voluntarily by October 26, 1976, without the issuance of an Order to Show Cause, but failed to leave this country. Deportability has been established by clear, convincing, and unequivocal evidence.

The immigration judge noted the respondent's testimony that he has been self-employed since he opened a used car dealership known as Eddie's Auto Sales on May 1, 1976 (Tr. p. 8), without permission from the Service (Tr. p. 13). The immigration judge found that the respondent, therefore, is precluded from qualifying for adjustment of status under the provisions of section 245(c) of the Act. Counsel contends on appeal that the respondent did not commence his business until one year after graduation from college in 1975 and was no longer a student in May 1976. Counsel also contends that the immigration judge failed to address the issue as to whether self-employment constitutes unauthorized employment, as that term appears in section 245, and thereby precludes adjustment of status to aliens who have engaged in unauthorized employment. The Service contends that the term "employment," in section 245 of the Act, includes within its meaning "self-employment" (p. 8).

Section 245(c) of the Act, as amended by P.L. 94–571, 90 Stat, 2703, effective January 1, 1977, provides, in pertinent part, "The provisions of this section shall not be applicable to an alien . . . who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status. . . ." Counsel in her first brief contended that the respondent's "status approximates an investor and not an 'employee' as that term is commonly used." It is the official position of the Service, however, that it considers unauthorized self-employment by a beneficiary of an approved relative visa petition as "unauthorized employment" within the purview of section 245(c). We are in agreement with this position.[1] Cf. *Matter of Cheng*, Interim Decision 2623 (BIA 1977). In the latter case, it was noted that on July 18, 1977, the Central Office of the Service issued an instruction to all field offices whereby *nunc pro tunc* authorization to accept employment was to be granted to any alien who was the beneficiary of a visa petition filed before January 10, 1977, and who could, under 8 C.F.R. 245.2(a)(2), have properly filed an application for adjustment with that visa petition. In the instant case, the respondent cannot possibly benefit from the Service instruc-

---

[1] 8 C.F.R. 214.2(f)(6) provides, in pertinent part, that a nonimmigrant student is in violation of his status whether he engages in off-campus employment in the United States for an employer or independently (i.e. self-employed), *unless his application to do so has first been approved by the Service*. (Emphasis supplied.) The word "independently" was added effective September 2, 1975 (40 F.R. 32312, 8/1/75).

tion because he is a native of Hong Kong and a visa was never immediately available to him before January 10, 1977.

The word "employment" is a common one, generally used with relation to the most common pursuits, and therefore ought to be received as understood in common parlance. The word "employment" is also defined as meaning the act of being employed for one's self (30 C.J.S. 682). It should be self-evident, in view of all of the foregoing, that any and all types of employment taken without proper authority constitute unauthorized employment.

A nonimmigrant alien has the obligation either to depart at the expiration of his authorized period of stay, or to obtain a proper extension of that stay. In order to establish an alien's deportability as an "overstay," the Service need only show that the alien was admitted as a nonimmigrant ". . . for a temporary period, that the period has elapsed, and that the nonimmigrant has not departed." See *Milande v. INS*, 484 F.2d 776 (7 Cir. 1973); *Matter of Teberen*, Interim Decision 2498 (BIA 1976). It should be clear that the respondent, no longer a student, is an "overstay" in this country and has remained in the United States illegally.

Upon review of the record, we find that the decision of the immigration judge was correct in the circumstances of this case. He granted the respondent a period of two months for voluntary departure. We have held that in those cases in which a period exceeding 30 days has been granted, the respondent will be given 30 days from the date of our decision in which to depart voluntarily. See *Matter of Chouliaris*, Interim Decision 2572 (BIA 1977). The District Director, however, is authorized to extend that period in his discretion. See 8 C.F.R. 244.2. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.