MATTER OF LETT

In Deportation Proceedings

A-12852618

*Decided by Board March 18, 1980*

(1) Management of his investment by a qualified investor deemed exempt from the labor certification requirement of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), does not constitute employment within the contemplation of that section of the Act and he is not precluded from adjusting his status under section 245(c)(2), 8 U.S.C. 1255(c)(2), relating to unauthorized employment.

(2) An unsuccessful applicant for the investor exemption provided by 8 C.F.R. 212.8(b)(4) runs the risk that work performed in connection with his nonqualified investment may be considered unauthorized employment for purposes of the section 245(c)(2) adjustment preclusion. *Matter of Tong*, 16 I&N Dec. 593 (BIA 1978), distinguished.

(3) An alien found deportable by virtue of being excludable at entry under section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9) must include an application for a 212(h) waiver of inadmissibility (Form I-601), supported by a showing of extreme hardship to his citizen or lawful permanent resident spouse, parent, son or daughter, in order to be entitled to reopening for adjustment of status.

CHARGE:

Order: Act of 1952—Section 241(a)(1), I&N Act [8 U.S.C. 1251(a)(1)]—Alien excludable at entry for having been convicted of a crime involving moral turpitude under section 212(a)(9), I&N Act [8 U.S.C. 1182(a)(9)]

ON BEHALF OF RESPONDENT: ALBERT J. REISS, ESQUIRE
Walters & Constanzo Associates
100 Biscayne Boulevard North
Suite 1001
Miami, Florida 33132

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

The respondent appeals from the June 8, 1979, decision of the immigration judge denying his motion for reopening in order to apply for adjustment of status. The appeal will be dismissed for a different reason than the immigration judge's conclusion.

The respondent is a native and citizen of Canada. He entered the United States on November 1, 1976, as a nonimmigrant visitor. On May

4, 1977, he conceded deportability under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), for being excludable at entry by virtue of his having been convicted in Toronto, Ontario on November 28, 1957, on six counts of false pretenses under Section 304A of the Criminal Code of Canada (Ex. 1) (Tr. p. 2). On April 26, 1978, he submitted an application for adjustment of status (Form I-485) supported by a request for determination as an investor (Form I-526) seeking an exemption from the labor certification requirement of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14). That application was treated as a motion to reopen pursuant to 8 C.F.R. 242.22.

The immigration judge denied the motion ruling that the respondent's management of his investment constituted unauthorized self-employment which barred him from adjusting his status under the preclusion from adjustment prescribed by section 245(c)(2) of the Act, 8 U.S.C. 1255(c)(2). The immigration judge relied on our decision in *Matter of Tong*, 16 I&N Dec. 593 (BIA 1978), where we held that a beneficiary of an approved relative visa petition, who was not an immediate relative of a United States citizen and engaged in unauthorized self-employment, was engaged in unauthorized employment. This precluded him from having his status adjusted under section 245(c)(2) of the Act. The immigration judge erred in extrapolating the *Tong* rationale to an applicant for an exemption from the labor certification requirement as an investor.

The respondent properly pointed out the clarification by the Service's Assistant Commissioner for Adjudications stating that self-employment without prior authorization does not have the same meaning as unauthorized and does not preclude adjustment of status under section 245(c)(2) in the case of a qualified nonpreference investor. An unsuccessful applicant for an investor exemption from the labor certification requirement runs the risk that work performed in connection with his nonqualifying investment may be considered unauthorized employment. If, however, the applicant is deemed a qualified investor of an enterprise with capital exceeding $40,000 and with qualified employees, his management work does not constitute employment within the contemplation of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14).

Nevertheless, the immigration judge properly denied the motion to reopen. A motion to reopen must be supported by prima facie evidence of eligibility for the relief sought. *Matter of Lam*, 14 I&N Dec. 98 (BIA 1972); *Matter of Sipus*, 14 I&N Dec. 229 (BIA 1972). The respondent was found deportable for being excludable at entry under section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9). He remains excludable. In order to obtain relief from his excludability he must submit an application for

212(h) waiver (Form I-601) supported by a showing of extreme hardship to the respondent's United States citizen child. Without such an application the motion to reopen lacked prima facie evidence of eligibility for adjustment of status. Accordingly, the appeal will be dismissed without prejudice to a future motion with the proper documentation.

ORDER: The appeal is dismissed.