MATTER OF DUKPA

In Section 245 Proceedings

A-24403649

*Decided by District Director August 13, 1981*

(1) Where an alien, prior to applying for the benefits of section 245 of the Act, and without Service authorization, performs duties and receives remuneration identical to the alien's anticipated duties and remuneration as a special immigrant minister under section 101(a)(27)(C)(i) of the Act, 8 U.S.C. 1101(a)(27)(C)(i), the alien is employed within the meaning of section 245(c) of the Act, 8 U.S.C. 1255(c), and is barred from the benefits of this section.

(2) Pursuant to 8 C.F.R. 214.1(c), a nonimmigrant in the United States, in a class defined in section 101(a)(15)(B) of the Act as a temporary visitor for pleasure, may not engage in any employment.

(3) An applicant who continues in or accepts unauthorized employment prior to filing an application for adjustment of status is ineligible for adjustment of status pursuant to section 245(c) of the Act and the application must be denied.

ON BEHALF OF APPLICANT:    Philip Hornik, Esquire
                           1025 S.W. 11th Avenue
                           Portland, Oregon 97205

The applicant, a native and citizen of Bhutan, last entered the United States as a visitor for pleasure on December 6, 1980. He was authorized to remain in the United States until May 5, 1981. He now concurrently seeks permanent resident status under section 245 and classification as a special immigrant minister as defined by section 101(a)(27)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(27)(C)(i). His application was filed on August 4, 1981.

Section 101(a)(27)(C)(i) of the Act defines a special immigrant as an immigrant who continuously for at least 2 years immediately preceding the time of his application for admission to the United States has been a minister of a religious denomination which has a bona fide organization in the United States, and who seeks to enter the United States solely for the purpose of carrying on the vocation of a minister of such a religious denomination.

In support of his application, the applicant presented a letter dated June 21, 1981 from the Kagyu Changchub Chuling (KCC), a center for

the practice of Vajrayana Buddhism. In this letter the applicant's duties and pay were defined. In exchange for his ministerial services of leading worship services; providing individual counselling, maintaining, and caring for the Buddhist Alter and coordinating the activities of the center, he would receive room and board and a salary of $100 per month. The position would involve 35-40 hours per week and travel expenses in connection with his duties would be provided.

An interview with the applicant on August 4, 1981, and other record material reflect that he entered Canada in early 1974. He applied for permanent residence in Canada but has not pursued that application. Since July of 1980, he made three trips to the United States, and on each visit, he came to the KCC. His stay in the United States since August 10, 1980, was only interrupted by a two-week visit to Canada. Additionally, it was determined in this interview that the applicant has been performing those duties as defined by the June 21, 1981 letter from the KCC, and since August 1980, has been receiving a salary of $100 per month plus room and board. According to the applicant, he conducts seven services weekly.

Subsequent to his interview, the applicant presented additional evidence in which he hoped to clarify his relationship to the KCC. The KCC has explained that the remuneration of $100 a month since July of 1980 has been merely an offering and not a salary. Additionally, other center members make random donations to the applicant of varying amounts.

The Dictionary of Occupational Titles, 4th Edition, 1977, published by the United States Department of Labor, defines clergy member (profess. and kin.), minister, preacher, priest, and rabbi as:

> one who conducts religious worship and performs other spiritual functions associated with beliefs and practices of religious faith or denomination as authorized, and provides spiritual and moral guidance and assistance to members: Leads congregation in worship services. Prepares and delivers sermons and other talks. Interprets doctrine of religion. Instructs people who seek conversion to faith. Conducts wedding and funeral services. Administers rites or ordinances of church. Visits sick and shut-ins, and helps poor. Counsels those in spiritual need and comforts bereaved. Oversees religious education programs, such as Sunday school and youth groups. . . .

The applicant's qualifications as a minister are not suspect. In fact, the record reflects that in order to reach his Lama title he trained and studied for approximately 29 years. He appears to be directly responsible to Khenpo Kalu Rinpoche, Head Abbot of Samdup Tarjeechokorling Monastery, Sonada, West Bengal, India, who placed him first in 1974 in Vancouver, Canada and subsequently in Portland, Oregon.

Section 245(a) of the Act, 8 U.S.C. 1255(a), reads as follows:

> The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive

an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filled.

Part (c) of this same section states:

The provisions of this section shall not be applicable to . . . an alien (other than an immediate relative as defined in section 201(b)) . . . who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status;

The record indicates that the applicant has, on a regular basis, since July or August of 1980, been performing those duties of a minister. During this same period he has been receiving $100 per month, room and board, plus other donations of varying amounts. The duties previously performed and the remuneration for this performance do not differ from the anticipated future duties and remuneration. Employment as defined by Webster's New World Dictionary of the American Language, Second College Edition, means: the thing at which one is employed; work; occupation; profession; job. The record is clear that the applicant spent most of his life in the attainment of the current level in his chosen profession. Since 1974, in Canada and in the United States, he has engaged in this profession.

It is, therefore, concluded that the applicant was employed as a minister from about July or August of 1980, prior to filing his application for permanent residence. Such employment was not authorized and was inconsistent with his admission to the United States as a visitor. Pursuant to 8 C.F.R. 214.1(e), a nonimmigrant in the United States in a class defined in section 101(a)(15)(B) of the Act, 8 U.S.C. 1101(a)(15)(B), as a temporary visitor for pleasure, may not engage in any employment. For this reason, the applicant is ineligible for adjustment of status pursuant to section 245(c) of the Act and his application must be and is hereby denied.

ORDER: The application is denied.