## MATTER OF BENNETT

### In Deportation Proceedings

### A-12515060

### *Decided by Board February 8, 1984*

(1) An alien who is admitted to the United States as a nonimmigrant visitor, who without permission of the Immigration and Naturalization Service engages in purely religious activities on behalf of a church, and who is compensated for those activities, is deportable for failure to maintain status even if he now qualifies as a special immigrant minister and intends to work for the same church which has been employing him.

(2) Such employment also bars the alien from adjusting his status pursuant to section 245(c)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1255(c)(2) (1982).

CHARGE:

Order: Act of 1952—Sec. 241(a)(9) [8 U.S.C. § 1251(a)(9)]—Nonimmigrant—failed to comply with conditions of status

ON BEHALF OF RESPONDENT:
Stephen B. Horton, Esquire
60 Washington Street
Hartford, Connecticut 06106

ON BEHALF OF SERVICE:
Kenneth W. De Conti,
General Attorney

BY:  Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated June 24, 1982, an immigration judge found the respondent deportable as charged, denied his application for adjustment of status, and granted him the privilege of voluntary departure in lieu of deportation. The respondent appealed. The appeal will be dismissed.

The respondent is a 58-year-old native and citizen of Belize. He was last admitted to the United States in December of 1981 as a nonimmigrant visitor for pleasure authorized to remain in this country for not more than 6 months. On March 29, 1982, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S), was issued against him, alleging that he had been employed as a minister without permission. He was charged with deportability as a nonimmigrant who failed to comply with the con-

ditions of his nonimmigrant status pursuant to section 241(a)(9) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(9) (1982).

At a deportation hearing held on June 24, 1982, the respondent, through counsel, initially conceded deportability but subsequently retracted the admission, arguing that his employment was not un-authorized and thus did not violate his nonimmigrant status. He further argued that even if he was deportable, his employment was not unauthorized so as to bring him within the employment bar of section 245(c)(2) of the Act, 8 U.S.C. § 1255(c)(2) (1982), thus prohib-iting his adjustment of status. The immigration judge, however, found that the respondent's employment was unauthorized for pur-poses both of deportability and adjustment of status. The immigra-tion judge further found that the respondent was ineligible for ad-justment because he failed to establish that he was not inadmissi-ble to the United States because of a 1970 deportation (see section 212(a)(17) of the Act, 8 U.S.C. § 1182(a)(17) (1982)), and because of a possible criminal conviction in Canada for fraud (see section 212(a)(9) of the Act).

On appeal, the respondent argues [1] that the rendering of purely religious services to a church does not violate his nonimmigrant visitor status, nor does it render him ineligible for adjustment of status under section 245(c)(2). He further argues that section 212(a)(17) of the Act only requires that 5 years pass from the time of deportation to the time the Attorney General's permission to return is not required and does not require that an alien remain outside the United States for all that time. Finally, he contends that where the fraud charge against him in Canada was condition-ally discharged following probation, he is not inadmissible under section 212(a)(9) of the Act.

In its memorandum on appeal, counsel for the Immigration and Naturalization Service cites this Board's decision in *Matter of Hall*, 18 I&N Dec. 203 (BIA 1982), as support for the immigration judge's holding. In *Matter of Hall*, we held that an alien who engaged in fund-raising activities on behalf of his church and who received room, board, and pocket money in return was employed within the contemplation of section 245(c)(2).

*Matter of Hall, supra*, involved an alien who was seeking adjust-ment of status as a second-preference immigrant. The respondent in the present case, on the other hand, seeks adjustment as a spe-

---

[1] The respondent's arguments on appeal are in fact not arguments but rather are framed as legal questions. They are contained in the Notice of Appeal (Form I-290A), on which counsel indicated that a brief would be forthcoming. However, no brief has ever been submitted.

cial immigrant minister, and the employment in question here is identical to that in which he will be engaged if he gains immigrant status. Moreover, Hall's activities on behalf of the Unification Church were not purely religious, whereas the respondent's activities in this case are. Hence, *Matter of Hall* is distinguishable on its facts from the present case.[2] Nevertheless, we find the rationale of *Hall* persuasive here. Like the alien in *Hall*, the respondent in this case engages in activities on behalf of a church and in turn is compensated by the church for those activities.[3] Clearly, this respondent is employed by the church, and permission to engage in this employment was never received from the Immigration and Naturalization Service. The fact that the respondent's employment was of a purely religious nature does not mean that he did not need Service permission to engage in such employment. Nor does the fact that the respondent now qualifies as a special immigrant minister, and will be employed by the same church which employed him prior to his adjustment application, render his employment authorized.[4]

As we find that the respondent's employment with his church was unauthorized under the immigration laws, he is deportable under section 241(a)(9) for failure to comply with the conditions of his nonimmigrant status. *See Ghorbani v. INS*, 686 F.2d 784 (9th Cir. 1982). Likewise, his employment was unauthorized within the meaning of section 245(c)(2), rendering him ineligible for adjustment of status. *See Aiyadurai v. INS*, 683 F.2d 1195 (8th Cir. 1982); *Oki v. INS*, 598 F.2d 1160 (9th Cir. 1979); *Matter of Hall, supra; Matter of Raol*, 16 I&N Dec. 466 (BIA 1978).

---

[2] There is one published decision which does directly address the issue now before us. In *Matter of Dukpa*, 18 I&N Dec. 282 (D.D. 1981), a district director ruled that section 245(c)(2) does apply to an alien who, prior to applying for adjustment, performs duties and receives remuneration identical to the alien's anticipated duties and remuneration as a special immigrant minister. The decision cites no authority for the holding, however, and the decision itself does not constitute a precedent for this Board. *See* 8 C.F.R. § 103.3(e) (1984) regarding the precedential value of district directors' decisions.

[3] The alien in *Hall* received only room, board, and approximately $25 per month "walking around" money. The respondent here receives a salary of $330 every 2 weeks, in addition to living quarters.

[4] Compare *Matter of Lett*, 17 I&N Dec. 312 (BIA 1980), where we held that management of his investment by a qualified investor who is exempt from the labor certification requirements of section 212(a)(14) of the Act, 8 U.S.C. § 1182(a)(14) (1976), does not constitute employment within the meaning of the Act and does not bar adjustment under section 245(c)(2). The investor regulations constitute a special exception to the immigration laws' general rules regarding employment. The alien in *Lett* was managing his own investment, while the respondent here is in the employ of a church, filling a position which could also have been filled by an American worker.

Our holding regarding the section 245(c) bar is lent support by the Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97–116, 95 Stat. 1611. There, Congress carved out an exception to the section 245(c)(2) bar for special immigrants who are qualifying foreign medical graduates. No such specific exception was made for special immigrant ministers. *See* section 245(c)(2) as amended by the 1981 amendments. We must therefore assume that Congress intended the employment bar to apply to them. *See generally Andrus v. Glover Construction Company*, 446 U.S. 608, 616–17 (1980); *United States v. Jones*, 567 F.2d 965, 967 (10th Cir. 1977). We note that since special immigrant ministers must have been carrying on their vocation as ministers for the 2 years immediately preceding their applications for admission as special immigrants, they will not be eligible for adjustment unless they have received Service permission to engage in such work.

As we find that the respondent is ineligible for adjustment of status under section 245(c)(2) of the Act, we need not decide whether he is also ineligible on the ground that he is inadmissible under sections 212(a)(9) and/or 212(a)(17). His appeal will accordingly be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.