Jose BUENROSTRO–LOMELI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72448.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006 *.

Filed Aug. 27, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nancy Ann Fellom, Esq., Fellom & Solorio, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: CANBY, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jose Antonio Buenrostro–Lomeli, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motions to reopen and reconsider. We dismiss in part and deny in part the petition for review.

### I. Motion to Reopen

We lack jurisdiction to review the denial of Buenrostro–Lomeli's November

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2003 motion to reopen, because he filed this petition for review more than thirty days after the BIA's decision. 8 U.S.C. § 1252(b)(1).

## II. Motion to Reconsider

■ The BIA properly construed Buenrostro–Lomeli's March 2004 motion to reconsider in accordance with its underlying purpose when it treated it as both a motion to reconsider and a motion to reopen. *See Mohammed v. Gonzales,* 400 F.3d 785, 792 (9th Cir.2005) (BIA properly construed motion to reconsider as motion to reopen). The motion both requested that the BIA reconsider its legal determination that Buenrostro–Lomeli was inadmissible and presented new evidence that would entitle him to relief from deportation. 8 C.F.R. § 1003.2(b)–(c) (explaining requirements for motions to reopen and reconsider). We review the BIA's denial of both motions for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir. 2002).

### A. Whether the BIA committed legal error requiring reconsideration

■ Buenrostro–Lomeli argues that the BIA abused its discretion in denying his motion to reconsider, because the BIA erred in finding him inadmissible for willfully misrepresenting a material fact in violation of 8 U.S.C. § 1182(a)(6)(C)(i). While seeking cancellation of removal, Buenrostro–Lomeli stated falsely, in his written application for relief and upon direct examination at the hearing before the Immigration Judge ("IJ"), that he had never been arrested for, or convicted of, any criminal activity. Buenrostro–Lomeli maintained this misrepresentation three times on cross-examination, and conceded his prior conviction for burglary only when confronted with the details of his arrest. The IJ found that Buenrostro–Lomeli lacked good moral character, primarily because he misrepresented his criminal history,[1] and accordingly found him ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1) (applicant for cancellation of removal must show that he is of good moral character). We therefore conclude that the BIA did not abuse its discretion in subsequently finding Buenrostro–Lomeli inadmissible for willfully misrepresenting a material fact in order to obtain immigration benefits, and in denying reopening on that ground.

■ The BIA also had properly concluded that Buenrostro–Lomeli was ineligible for adjustment of status because he failed to show that he was entitled to a waiver of inadmissibility. Buenrostro–Lomeli bore the burden of establishing his admissibility in order to demonstrate prima facie eligibility for adjustment of status. *See Limsico v. INS,* 951 F.2d 210, 213 (9th Cir.1991) (applicant filing motion to reopen must establish prima facie eligibility for the underlying relief requested); 8 U.S.C. § 1255 (an applicant for adjustment of status must be admissible to the United States).

---

1. The IJ found that Buenrostro–Lomeli "compounded" any problems created by his criminal history by failing to admit his arrest and by failing to respond with the truth when given opportunities to do so both on direct and cross-examination. Although the IJ's adverse moral character determination relied primarily on Buenrostro–Lomeli's misrepresentations, the fact that he had a criminal history was a factor the IJ considered. Indeed, the IJ could have found that Buen-rostro–Lomeli lacked good moral character because of his criminal history alone. *See Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir. 1997) (certain categories of individuals, such as aggravated felons, are *per se* considered not to have good moral character, while others may be found ineligible in the discretion of the Attorney General). Thus, whether Buenrostro–Lomeli had ever been arrested or convicted of a crime was a fact material to his eligibility for cancellation of removal.

Buenrostro–Lomeli was on notice of his inadmissibility because he had been denied cancellation of removal for giving false testimony to obtain an immigration benefit. Accordingly, the BIA did not err in finding that Buenrostro–Lomeli's failure to submit a waiver was fatal to his initial motion to reopen. *See Matter of Lett*, 17 I. & N. Dec. 312, 313–14 (BIA 1980) (alien who previously had been found deportable could not reopen proceedings and seek adjustment of status because he did not apply for waiver of inadmissibility).

Because the BIA committed no legal error in denying reopening, it did not abuse its discretion in denying Buenrostro–Lomeli's motion for reconsideration of that denial.

### B. Whether the BIA erroneously denied Buenrostro–Lomeli's second motion to reopen

■ Finally, Buenrostro–Lomeli argues that the BIA abused its discretion in denying the portion of his March 2004 motion that was construed as a motion to reopen. A party may file only one motion to reopen removal proceedings. 8 C.F.R. § 1003.2(c)(2). Because Buenrostro–Lomeli previously had filed a motion to reopen requesting adjustment of status, we conclude that the BIA's denial of the second motion was not an abuse of discretion.

**2.** The BIA abused its discretion in construing Buenrostro–Lomeli's second motion as a motion both to reconsider and to reopen. *See Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir.2004) (explaining that the BIA abuses its discretion by improperly recharacterizing a motion). The 2004 motion identified legal errors in the BIA's decision denying his first motion and was therefore properly labeled as a motion to reconsider. *See Iturribarria v. INS*, 321 F.3d 889, 895–96 (9th Cir.2003). Moreover, the BIA cannot treat the same motion as both a motion for reopening and for

PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.

PAEZ, Circuit Judge, concurring and dissenting:

Buenrostro–Lomeli filed two motions with the Board of Immigration Appeals ("BIA"). The first was a motion to reopen to apply for adjustment of status under 8 U.S.C. § 1255($i$), which the BIA denied. Because Buenrostro–Lomeli did not timely file a petition for review of this ruling, I concur in majority's holding that we lack jurisdiction to review it. I respectfully dissent from the remainder of the majority's decision. Buenrostro–Lomeli's second motion, which he properly labeled a motion to reconsider,[2] identified errors of law in the BIA's decision denying his first motion to reopen. I would therefore grant the petition for review and remand with instructions to grant the motion to reconsider.

### I.

The BIA erred as a matter of law in concluding that Buenrostro's false testimony before the immigration judge ("IJ") constituted a material misrepresentation so as to render him inadmissible, *see* 8 U.S.C. § 1182(a)(6)(C)(i), and therefore statutorily ineligible to adjust status under § 1255($i$).

reconsideration. *See Chudshevid v. INS*, 641 F.2d 780, 783 (9th Cir.1981) ("A motion to reopen and a motion to reconsider are two separate and distinct motions with different requirements, although they are discussed together in the same regulations.").

Based on this conclusion, I also dissent from the majority's holding that the BIA properly applied the one-motion limitation on the filing of motions to reopen, *see* 8 U.S.C. § 1229a(7)(A); 8 C.F.R. § 1003.2(c)(2), to bar review of Buenrostro–Lomeli's 2004 motion.

For purposes of the Immigration and Nationality Act ("INA"), a misrepresentation is material only if it conceals facts that are relevant to determining eligibility for the relief sought. *See Matter of Ng*, 17 I. & N. Dec. 536, 537 (BIA 1980); *see also United States v. Rossi*, 299 F.2d 650, 652 (9th Cir.1962) (explaining that a misrepresentation is material only if it had a "bearing ... upon [one's] right to enter this country .... otherwise it [is] irrelevant"); *United States v. Reimer*, 96 F.2d 217, 218 (2d Cir.1938) ("[A] fact suppressed or misstated is not material to an alien's entry, unless it is one which, if known, would have justified [exclusion].").

Buenrostro–Lomeli provided false testimony before the IJ when he concealed that he had previously gone by a different name and that he had pled guilty to misdemeanor burglary. The IJ therefore correctly found that, pursuant to § 1101(f)(6), Buenrostro–Lomeli failed to demonstrate good moral character.[3] The IJ did *not* find, as indeed he could not have, that either concealed fact would have rendered him ineligible for the relief sought or were in any way relevant to his eligibility.[4] It was the telling of the falsehood—because it triggered the good moral character bar in § 1229b(b)(1)(B)—and not the two concealed facts, that made Buenrostro–Lomeli ineligible. Although Buenrostro–Lomeli gave false testimony, the falsehoods were not themselves "material" to his eligibility for cancellation of removal.

Nor did the false testimony shut off a line of inquiry otherwise relevant to his eligibility, *cf. Matter of Ng*, 17 I. & N. Dec. at 536, because the two concealed facts came to light on cross-examination. Moreover, Buenrostro–Lomeli timely retracted his misrepresentation, an act that—under the agency's own policies— remedied the misrepresentation. *See* 7 Foreign Affairs Manual § 40.63 n. 4.6 ("A timely retraction will serve to purge a misrepresentation and remove it from further consideration as a ground for [§ 1182(a)(6)(C)(i) ] ineligibility.").[5]

Because Buenrostro–Lomeli's false testimony before the IJ was not a material misrepresentation, the BIA made an error of law in finding him inadmissible under § 1182(a)(6)(C)(i) and therefore abused its discretion in denying the motion for reconsideration. I would accordingly grant the petition and remand on this basis alone. I also address, however, the BIA's additional error of law in holding that Buenrostro–Lomeli was *prima facie* ineligible for cancellation of removal without a § 1182(*i* ) waiver and in denying him leave to supplement his application with this document.

## II.

The BIA violates an applicant's right to due process when it *sua sponte* imposes an

---

3. The majority hypothesizes that the IJ may also have concluded, in an exercise of discretion, that Buenrostro lacked good moral character because of his criminal history. The IJ's decision makes clear, however, that he did not find Buenrostro–Lomeli lacking in good moral character as a matter of discretion but rather, and only, under the *per se,* false testimony bar in § 1101(f)(6).

4. Buenrostro–Lomeli's conviction for accomplice liability to misdemeanor burglary would not have prevented him from demonstrating eligibility for cancellation of removal under § 1229b(b)(1)(C) because the authorized term

of imprisonment for his offense did not exceed one year, and because his actual sentence did not exceed six months. *See* § 1182(a)(2)(A)(i)(I), (ii)(II).

5. *And compare Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998) (reversing an IJ's adverse credibility determination when petitioner's testimony showed a desire to correct former misrepresentations), *with Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir.2005) (noting that Kaur had failed to correct her false testimony when given an opportunity to do so).

evidentiary requirement without notice. *See Abovian v. INS,* 219 F.3d 972, 977 (9th Cir.2000) (holding that the BIA violated the Abovians' right to due process by failing to "put [them] on notice that their credibility was questioned" before denying them asylum on the basis of its own "independent, adverse, credibility determination, contrary to that reached by the IJ"); *Castillo–Villagra v. INS,* 972 F.2d 1017, 1026 (9th Cir.1992) (holding that the BIA violated due process by taking administrative notice of a changed country condition without giving notice or an opportunity for rebuttal). This is because due process requires the BIA to give applicants a "fair opportunity to present their cases." *Yeghiazaryan v. Gonzales,* 439 F.3d 994, 1000 (9th Cir.2006).

Here, the denial of cancellation of removal in the 2003 proceedings before the IJ turned solely on Buenrostro–Lomeli's giving false testimony, which supported the IJ's determination under § 1106(f) that he lacked good moral character. This determination, however, did not put Buenrostro–Lomeli on notice that he was potentially inadmissible under § 1182(a)(6)(C)(i), a completely separate section of the INA and one that requires, in addition to a showing of falsehood, that the falsehood be material to eligibility for relief. The BIA was therefore required to provide Buenrostro–Lomeli with notice before (incorrectly) applying the § 1182(a)(6)(C)(i) bar and to give him an opportunity to supplement his application with a request for a § 1 182(*i*) waiver. *See Abovian v. INS,* 219 F.3d at 977; *Castillo–Villagra v. INS,* 972 F.2d at 1026.

Even if § 1182(a)(6)(C)(i) did apply, such that Buenrostro–Lomeli required a

§ 1182(*i*) waiver to establish admissibility, he satisfied the BIA's own standard for demonstrating prima facie eligibility: that an applicant produce " 'evidence [that] reveals a *reasonable likelihood* that the statutory requirements for relief have been satisfied.' " *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (quoting *In re S–V–,* 22 I. & N. Dec. 1306, 1308 (BIA 2000) (en banc)) (emphasis added).[6] To warrant a motion to reopen, the BIA does

> not require[ ] a conclusive showing that eligibility for relief has been established.... [We] reopen[ ] proceedings where new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues at a further plenary hearing on reopening.

*Id.* (quoting *In re S–V–,* 22 I. & N. Dec. at 1308).

With the filing of his 2003 motion to reopen, Buenrostro–Lomeli documented his marriage to a U.S.-citizen spouse, his status as the beneficiary of a petition for classification filed before the triggering date, and his eligibility to receive an immediately available immigrant visa.[7] This evidence was sufficient to demonstrate a "reasonable likelihood" that he could meet the statutory eligibility requirements in § 1255(*i*) and should have satisfied the BIA that Buenrostro–Lomeli's application warranted a plenary hearing, during which he could supplement his motion with a § 1182(*i*) waiver. *See Yeghiazaryan,* 439 F.3d at 999–1000 (holding that the BIA abused its discretion in denying a motion to reconsider when it "neither took into consideration nor evaluated ... new evidence" of eligibility).

**6.** We disapproved of *In re S–V* on other grounds in *Zheng v. Ashcroft,* 332 F.3d 1186 (9th Cir.2003).

**7.** He was not required to produce an approved visa petition. *See Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253 (BIA 2002).

The majority's reliance on *Matter of Lett*, 17 I. & N. Dec. 312 (BIA 1980), is misplaced. In that case, Lett had notice of his inadmissibility before he filed a motion to reopen to adjust status. *Id.* at 313 (noting that Lett had conceded being excludable at entry prior to submitting an application for adjustment of status). Unlike Lett, Buenrostro–Lomeli lacked any notice that the BIA would find him inadmissible under § 1182(a)(6)(C)(i) when he filed the first motion and therefore could not anticipate any need for a § 1182(*i*) waiver.

### III.

Because Buenrostro–Lomeli was not inadmissible under § 1182(a)(6)(C)(i) and because the BIA violated his right to due process in spontaneously requiring him to apply for a § 1182(*i*) waiver and denying him a chance to supplement his motion with an application for such a waiver, I would grant the petition for review and remand instructions to grant the motion to reconsider.